Deborah A. Sivas (CSB No. 135446)
Michael R. Lozeau (CSB No. 142893)
EARTHJUSTICE
Owen House - 553 Salvatierra Walk
Stanford, California  94305-8620
Telephone:  (650) 723-0325
Facsimile:   (650)725-8509

Melissa Powers (OSB 02118)
PACIFIC ENVIRONMENTAL ADVOCACY CENTER
10015 S.W. Terwilliger Boulevard
Portland, Oregon   97219-7799
Telephone:  (503) 768-6727
Facsimile:   (503) 768-6642

Attorneys for Plaintiffs NORTHWEST
ENVIRONMENTAL ADVOCATES,
THE OCEAN CONSERVANCY,
and WATERKEEPERS NORTHERN
CALIFORNIA

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| NORTHWEST ENVIRONMENTAL ADVOCATES; THE OCEAN CONSERVANCY; and WATERKEEPERS NORTHERN CALIFORNIA and its projects SAN FRANCISCO BAYKEEPER and DELTAKEEPER,<br><br>            Plaintiffs,<br><br>     v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,<br><br>            Defendant. | Case No. CV 03-05760 SI<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF** |

## I. INTRODUCTION

1. This is an action for declaratory judgment and injunctive relief challenging the legality of 40 C.F.R. § 122.3(a), which exempts vessel discharges from the National Pollutant Discharge Elimination System ("NPDES") permit requirements of the Federal Water Pollution Control Act (hereinafter "Clean Water Act"), 33 U.S.C. § 1251 *et seq.*, and the Environmental Protection Agency's ("EPA") failure to rescind such regulation in response to Plaintiffs' January 13, 1999 petition requesting such rescission.

2. This action arises under and alleges violations of the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 551-706.  In particular, Plaintiffs contend that EPA's actions in promulgating and failing to rescind the permitting exemption contained at 40 C.F.R. § 122.3(a) is arbitrary, capricious, an abuse of discretion and otherwise not in accordance with law under 5 U.S.C. § 706(2)(A) and in excess of statutory jurisdiction, authority, or limitations under 5 U.S.C. § 706(2)(C).

3. Plaintiffs seek a declaration from the Court that EPA's actions as described in paragraph 1 hereof are in violation of the Clean Water Act and an injunction directing EPA to repeal and rescind 40 C.F.R. § 122.3(a).

**JURISDICTION AND VENUE**

4. This Court has jurisdiction over this action by virtue of 28 U.S.C. §§ 1331 (federal question), 2201 (declaratory judgment), 2202 (injunctive relief), as well as 5 U.S.C. § 706 (APA).  There is a present and actual controversy between the parties and Plaintiffs have challenged a final agency action pursuant to 5 U.S.C. § 551(13).

5. Venue is properly vested in this court pursuant to 28 U.S.C. § 1391(e) because at least two of the Plaintiffs reside in the district and Defendant maintains offices in San Francisco, California.

**INTRADISTRICT ASSIGNMENT**

6. This case is appropriate in the San Francisco Division of the Northern District of

California pursuant to Local Rules 3-2 and 3-5 because at least two of the Plaintiffs and Defendant maintain offices in San Francisco County.

## PARTIES

7. Plaintiff Northwest Environmental Advocates ("NWEA") is a regional non-profit environmental organization established in 1969 and incorporated under the laws of Oregon in 1981. NWEA's principle place of business is in Portland, Oregon. NWEA's mission is to work through advocacy and education to protect and restore water and air quality, wetlands, and wildlife habitat in the Pacific Northwest. To this end, NWEA advocates for and promotes informed citizen involvement to support implementation of federal environmental laws both regionally and nationally. NWEA has been active in the development of programs, policies, and regulations for the protection of the nation's waterways, including those in the Northwest.

8. Plaintiff The Ocean Conservancy ("TOC") is a national non-profit conservation organization with an interest in protecting coastal, estuarine, and marine resources, including the natural ecosystem of the San Francisco Bay and Delta. TOC is headquartered in Washington, D.C. and maintains a regional office in San Francisco, California. TOC has approximately 140,000 members, most of whom reside near coastal estuaries around the country. Nearly 5,000 members reside in the San Francisco Bay area. TOC's mission is to protect coastal and marine environments through science-based advocacy, research, and public education.

9. Plaintiff Waterkeepers Northern California ("Waterkeepers") is a regional non-profit public benefit corporation organized under the laws of the State of California. Waterkeepers' mission is to preserve, protect, and enhance the health of the ecosystems and communities of the San Francisco Bay/Delta region. To further these goals, Waterkeepers actively seeks federal and state agency implementation of environmental laws and, where necessary, initiates enforcement actions on behalf of its members and itself. Waterkeepers' main office is in San Francisco, California. Waterkeepers has approximately 2,500 members who reside in the San Francisco Bay and Delta region. Furthermore, Waterkeepers operates two

projects in Northern California under the fictitious business names "San Francisco Baykeeper" and "Deltakeeper."

10. Plaintiffs and their members regularly use and enjoy the fish, wildlife, water, and other natural resources of the waters of the United States, including but not limited to the San Francisco Bay and Delta, for a variety of recreational, aesthetic, educational, and scientific purposes, including, but not limited to, boating, fishing, swimming, wildlife observation, interpretative field trips, photography, nature study, and aesthetic appreciation. Plaintiffs and their members intend to continue to do all of the foregoing on an ongoing basis in the future and thereby do and will continue to derive recreational, aesthetic, scientific, educational, conservational, and economic benefits from the natural resources of these aquatic ecosystems. Defendant's failure to properly regulate discharges from point sources into the waters of the United States, including but not limited to the San Francisco Bay and Delta, pursuant to the Clean Water Act has harmed and continues to harm Plaintiffs' and their members' recreational, aesthetic, scientific, educational, conservational, and economic interests in the natural resources of these waters.

11. Defendant Environmental Protection Agency ("EPA") is the federal agency with primary responsibility for implementing the Clean Water Act. EPA promulgated the permitting exemption for discharges from vessels found at 40 C.F.R. § 122.3(a) and, on September 2, 2003, denied Plaintiffs' petition to repeal that exemption.

## BACKGROUND

**The Clean Water Act**

12. The Clean Water Act prohibits the discharge of any pollutant from a point source into navigable waters of the United States except when such a discharge is in compliance with a permit, such as a NPDES permit. 33 U.S.C. §§ 1311(a), 1342, 1362.

13. The phrase "discharge of a pollutant" under the Clean Water Act includes "any addition of any pollutant to navigable waters from any point source." 33 U.S.C. § 1362(12).

14.     The term "pollutants" under the Clean Water Act includes, among other things, sewage, garbage, chemical wastes, and biological materials. 33 U.S.C. § 1362(6).

15.     The term "navigable waters" under the Clean Water Act means the waters of the United States, including the territorial seas. 33 U.S.C. § 1362(7). The term "territorial seas" is defined under the Clean Water Act as the belt of the seas measured from the line of ordinary low water along that portion of the coast which is in direct contact with the open sea and the line marking the seaward limit of inland waters, and extending seaward a distance of three miles. 33 U.S.C. § 1362(8).

16.     The term "point source" under the Clean Water Act is defined as "any discernible, confined, and discrete conveyance, including but not limited to any . . . vessel or other floating craft from which pollutants are or may be discharged." 33 U.S.C. § 1362(14). Accordingly, a vessel or other floating craft constitutes a point source under the Clean Water Act.

17.     The Clean Water Act exempts only two classes of vessel discharges from the NPDES permit requirements, including "sewage from vessels" or a "discharge incidental to the normal operation of a vessel of the Armed Forces." 33 U.S.C. § 1362(6)(a). The Clean Water Act does not contain an exemption from the NPDES permit system for any other class of vessels discharging into the navigable waters of the United States.

**Discharges from Vessels**

18.     Vessels and other floating craft (hereinafter "vessels") routinely discharge effluent into navigable waters of the United States. Such vessel discharges include, among other things, ballast water, bilge water, cooling water, deck runoff, graywater, and oil or oily water. These discharges may and often do contain non-native species, pathogens such as bacteria and viruses. suspended solids, ammonia, detergent, solvents, organic matter, hydrocarbons, heavy metals, hazardous chemicals, paint chips, and contaminated sediment.

19.     For example, cargo and other commercial vessels frequently discharge water from their ballast tanks into navigable waters of the United States. Such ballast water discharges

typically contain a variety of biological materials, including plants, animals, viruses, and bacteria. These materials often include non-native, nuisance, exotic, or invasive species (hereinafter "invasive species") which constitute pollutants under the Clean Water Act.

20. Invasive species can cause extensive ecological and economic damage to aquatic ecosystems. Recent studies suggest that invasive species cost the United States more than $5 billion per year. Furthermore, the environmental damage attributable to invasive species in the San Francisco estuary alone includes reduction or local extinction of native species, disruption of the aquatic food chain, erosion of shorelines, and additional ecosystem alterations that extend to bird and wildlife populations.

**EPA's Regulatory Exemption for Vessel Discharges**

21. Through a regulation promulgated in 1973, EPA categorically exempted from the NPDES permitting requirements "any discharge of sewage from vessels, effluent from properly functioning marine engines, laundry, shower, and galley sink wastes, or any other discharge incidental to the normal operation of a vessel." 40 C.F.R. § 122.3(a).

22. The term "discharge incidental to the normal operation of a vessel" is defined by the Clean Water Act to include ballast water, as well as graywater, bilge water, cooling water, weather deck runoff, and oil water separator effluent. 33 U.S.C. § 1322(a)(12)(A)(i).

23. Pursuant to 40 C.F.R. § 122.3(a) as promulgated, EPA has determined that persons discharging pollutants found in ballast water discharge, as well as in a number of other types of vessel discharges, into navigable waters of the United States are not required to obtain a NPDES permit.

24. This categorical exemption of vessel discharges from the NPDES permit requirements is inconsistent with the plain language of the Clean Water Act and in excess of EPA's statutory authority under that statute.

**Procedural Background**

25. On January 13, 1999, Plaintiffs petitioned EPA to repeal 40 C.F.R. § 122.3(a) on

the grounds set forth in paragraph 24 above.

26. In response to Plaintiffs' petition, EPA released a draft report on ballast water and aquatic nuisance species in September 2001. This report summarizes many of the concerns about the impact of invasive species expressed in Plaintiffs' petition. However, EPA did not respond to Plaintiffs' petition at that time.

27. On September 2, 2003, EPA finally took final agency action on Plaintiffs' January 13, 1999 petition to repeal 40 C.F.R. § 122.3(a) by denying that petition and declining to repeal 40 C.F.R. § 122.3(a). Accordingly, EPA's action is now ripe for judicial review.

## CLAIMS FOR RELIEF

### First Cause of Action

28. Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 27 as if set forth in full.

29. The vessel discharge exemption set forth in 40 C.F.R. § 122.3(a) is inconsistent with, and in excess of EPA's statutory authority under, the Clean Water Act.

30. EPA's unlawful promulgation of 40 C.F.R. § 122.3(a) is subject to review under Section 706(2) of the Administrative Procedure Act, 5 U.S.C. § 706(2).

### Second Cause of Action

31. Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 27 as if set forth in full.

32. EPA's denial of Plaintiffs' January 13, 1999 petition requesting repeal of 40 C.F.R. § 122.3(a) was arbitrary, capricious, an abuse of discretion and not in accordance with the Clean Water Act.

33. EPA's denial of the petition to repeal 40 C.F.R. § 122.3(a) is subject to judicial review under Section 706(2) of the Administrative Procedure Act, 5 U.S.C. § 706(2).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court:

(1) Adjudge and declare that the permit exemption for vessel discharges promulgated at 40 C.F.R. § 122.3(a) is unlawful because it is inconsistent with, and in excess of EPA's statutory authority under, the Clean Water Act;

(2) Adjudge and declare that all discharges of a pollutant from vessels or other floating craft into the navigable waters of the United States, other than sewage from vessels or a discharge incidental to the normal operation of a vessel of the Armed Forces within the meaning of section 1322 of the Clean Water Act, are required to obtain NPDES permits;

(3) Adjudge and declare that EPA's denial of Plaintiffs' petition to repeal 40 C.F.R. § 122.3(a) was arbitrary, capricious, an abuse of discretion and not in accordance with law;

(4) Order EPA immediately to repeal 40 C.F.R. § 122.3(a);

(5) Award Plaintiffs their reasonable fees, costs, expenses, and disbursements, including attorneys' fees, associated with this litigation; and

(6) Grant Plaintiffs such additional and further relief as the Court may deem just, proper and necessary.

DATED: December 22, 2003          Respectfully submitted,

       /s/  Deborah A. Sivas
Deborah A. Sivas (CSB No. 135446)
Michael R. Lozeau (CSB No. 142893)
EARTHJUSTICE
Owen House – 553 Salvatierra Walk
Stanford, California  94305-8620
Telephone:  (650) 723-0325
Facsimile:  (650) 725-8509

Melissa Powers (OSB 02118)
PACIFIC ENVIRONMENTAL ADVOCACY CENTER
10015 S.W. Terwilliger Boulevard
Portland, Oregon  97219-7799
Telephone:  (503) 768-6727
Facsimile:  (503) 768-6642

Attorneys for Plaintiff NORTHWEST ENVIRONMENTAL ADVOCATES, THE OCEAN CONSERVANCY, and WATERKEEPERS NORTHERN CALIFORNIA