MARTIN F. McDERMOTT (SBN 6183307 (IL))
United States Department of Justice
Environment & Natural Resources Division
Environmental Defense Section
P.O. Box 23986
Washington, D.C. 20026-3986
Telephone: (202) 514-4122
Facsimile: (202) 514-8864
*Attorney for Defendant*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| NORTHWEST ENVIRONMENTAL ADVOCATES, et al., | ) ) ) | No. C 03 - 05760 SI |
| Plaintiffs, | ) ) | **JOINT STIPULATION TO MODIFY THE COURT'S SEPTEMBER 18, 2006** |
| v. | ) ) | **ORDER GRANTING PLAINTIFFS' MOTION FOR PERMANENT** |
| UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, | ) ) ) | **INJUNCTIVE RELIEF AND RELATED JUDGMENT; PROPOSED ORDER** |
| Defendant. | ) ) ) | **NO HEARING REQUESTED** |

At the request of Defendant United States Environmental Protection Agency ("EPA"), this joint Stipulation is filed by Plaintiffs Northwest Environmental Advocates, et al. ("Plaintiffs"), Plaintiff-Intervenor States of New York, Illinois, Michigan, Minnesota, Wisconsin, and Pennsylvania (the "States"), Defendant-Intervenor Shipping Industry Ballast Water Coalition, and EPA. Pursuant to Federal Rule of Civil Procedure 60(b) and Local Rule 7-12, all parties in this case hereby stipulate to entry of an order modifying one aspect of the Court's *Order Granting Plaintiffs' Motion for Permanent Injunctive Relief* and the related *Judgment*, filed in this action on September 18, 2006. If approved by the Court, this Stipulation would postpone vacatur of 40 C.F.R. § 122.3(a) from September 30, 2008 to December 19, 2008.

In support of this Stipulation, EPA states the following.

## DISCUSSION

On September 18, 2006, this Court granted Plaintiffs' request for a permanent injunction, remanding this matter to EPA for further proceedings consistent with the Court's orders, and holding that "the blanket exemption for discharges incidental to the normal operation of a vessel, contained in 40 C.F.R. § 122.3(a), shall be vacated as of September 30, 2008." This Court's orders on liability and remedy were upheld by the Ninth Circuit Court of Appeals on July 23, 2008. See Northwest Envtl. Advocates v. EPA, Nos. 03-74795, 06-17187, 06-17188, 2008 WL 2813103 (9th Cir. July 23, 2008). The Court of Appeals noted that the Department of Justice had informed it by letter dated July 11, 2008, that on June 17, 2008, EPA had published in the Federal Register certain draft "General Permits for Discharges Incidental to the Normal Operation of a Vessel," 73 Fed. Reg. 34,296 (June 17, 2008), and that the public comment period on the draft permits was scheduled to close on August 1, 2008. See 2008 WL 2813103 at *19. The Court of Appeals further stated: "The letter warns that a final version may not be ready by the September 30, 2008, deadline established by the district court, but the letter stops short of a request to extend the deadline. If the government chooses to request an extension of the deadline, that request should be addressed to the district court." Id. EPA has requested that the parties to this case stipulate to such an extension, and they have done so. Specifically, it is requested that this Court modify its September 18, 2006 injunction and Judgment by postponing its vacatur of 40 C.F.R. § 122.3(a) until December 19, 2008.

This Court has ample authority to grant such relief. Its authority to modify the terms of injunctive relief is inherent, A & M Records, Inc. v. Napster, Inc., 284 F.3d 1091, 1098 (9th Cir. 2002), and is derived both from its powers in equity and from Rule 60(b), which governs grounds

for relief from a final judgment, order or proceeding. <u>Earth Island Inst. Inc. v. S. California Edison</u>, 166 F. Supp. 2d 1304, 1309 (S.D. Cal. 2001).

Two subsections of Rule 60(b) are relevant here. Subsection (5) of that Rule allows a district court to relieve a party from a final judgment or order when "a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application." Under this rule, a court has "discretionary power to modify an injunction when changing circumstances, or a better appreciation of the facts in light of experience indicate existing injunctive orders are not well adapted to the purpose for which they were made." <u>Central Valley Chrysler-Jeep, Inc. v. Goldstene</u>, No. 04-6663, 2008 WL 2600786 at *2 (E.D. Cal. June 24, 2008). See also <u>U.S. Syntex (U.S.A.) LLC v. Apotex Inc.</u>, No. 01-02214, 2005 WL 6042726 at *2 (N.D. Cal. Oct. 26, 2005) (court retains power to modify the terms of its injunction in order to accommodate "changed circumstances"). Subsection (6) of Rule 60(b), which allows a court to modify an order for "any other reason that justifies relief," is also relevant. It serves as a "catch-all provision," conferring the Court with "broad discretion to relieve a party from final judgment upon such terms as are just." <u>Spacey v. Burgar</u>, 207 F. Supp. 2d 1037, 1048 (E.D. Cal. 2001) (citations and internal quotations omitted).

Since this Court entered its injunction in September 2006, there have been important developments that militate strongly in favor of extending the date of vacatur of the exclusion from September 30, 2008 to December 19, 2008. As detailed in the attached *Declaration of James A. Hanlon*, Director of the Office of Wastewater Management in EPA's Office of Water ("*Hanlon Decl.*") ¶¶ 4-21, EPA has undertaken significant efforts to address the scheduled vacatur. In particular, EPA proposed for public comment two general permits, a Vessel General Permit and a Recreational General Permit, to cover the universe of vessel discharges affected by

- 3 -

the September 30, 2008 vacatur. Although recently enacted legislation renders the Recreational General Permit permits moot,[1]/ Mr. Hanlon explains why rushing to finalize the Vessel General Permit in the 60 days between the close of the comment period on August 1, 2008 and the current September 30, 2008 effective date of vacatur would significantly undermine EPA's ability to issue a permit that is effective and implementable." *Hanlon Decl.* ¶ 24. In addition, he explains EPA's basis for asking the Court to delay vacatur of the exclusion in 40 C.F.R. §122.3(a) until December 19, 2008. *Hanlon Decl.* ¶¶ 22-33. In that regard, he explains that while EPA has made substantial progress toward getting the general permits in place, significant work remains to be done. EPA needs to review and respond to a substantial number of public comments; make appropriate changes to the general permits and its related fact sheet and economic analysis based on those comments; conduct final internal agency and interagency review; and obtain Clean Water Act section 401 certifications and Coastal Zone Management Act consistency determinations from States, Territories, and Tribes. While some of these tasks overlap and will

---

[1]/ As this Court may be aware, at the end of July 2008, the President signed into law two pieces of legislation that address discharges incidental to the normal operation of a vessel and are relevant to the Court's September 2006 injunctive order. The first, the "Clean Boating Act of 2008," Pub. L. No. 110-288, (1) amends CWA §402 to exempt recreational vessels from the requirement to obtain an NPDES permit for discharges incidental to their normal operation; and (2) requires EPA and the Coast Guard to complete specified actions to put in place regulations imposing appropriate management practices applicable to discharges incidental to the normal operation of recreational vessels. The second law, Pub. L. No. 110-299, generally prohibits EPA or an authorized State from imposing NDPES permitting requirements on commercial vessels less than 79 feet in length and commercial fishing vessels, regardless of size, for a period of two years from enactment. In addition, the second law requires EPA (in consultation with the Coast Guard) to study the impacts of the discharges subject to that moratorium and to submit a report to Congress no later than 15 months from the date of enactment. *Hanlon Decl.* ¶ 22. While these new statutes do render finalization of the Recreational General Permit unnecessary, and do reduce the number of vessels subject to the Vessel General Permit, significant work remains to be done to finalize the complicated Vessel General Permit, which, according to data collected for the Vessel General Permit economic analysis, will still continue to be necessary to authorize discharges from the approximately 50,000 vessels that remain subject to the NPDES permitting requirement. *Hanlon Decl.* ¶ 23.

- 4 -

be conducted concurrently, some cannot occur until other tasks are completed. In his Declaration, Mr. Hanlon sets out EPA's ambitious but achievable schedule detailing those tasks, and discusses the benefits to the permit that will likely result if this request to modify the Court's injunction is granted. *Hanlon Decl.* ¶¶ 22-34.

Additionally, Mr. Hanlon expresses his concern that without the requested extension of the vacatur date, EPA "may be in the difficult position of choosing between issuing a permit that does not adequately reflect consideration of the substantial comment received on the draft permit and refraining from issuing the permit until our work is complete, thereby leaving the regulated community without permit coverage as of the date of vacatur." This is a decision with potentially serious consequences for the regulated community, as vessels whose discharges are no longer exempt under 40 C.F.R. § 122.3(a) would be subject to the CWA § 301 prohibition against discharge without an NPDES permit. Violations of that prohibition could subject dischargers to, among other things, citizen suits under CWA § 505, 33 U.S.C. § 1365, which can result in imposition of penalties of up to $32,500 per day per violation. CWA section 309(d), 33 U.S.C. § 1319(d); 40 C.F.R. § 19.4.

## CONCLUSION

As noted, at the request of EPA, all parties have stipulated to the proposed modification of the Court's injunction and Judgment to postpone the vacatur of 40 C.F.R. §122.3(a) until December 19, 2008. The parties respectfully request entry of the attached proposed order embodying that modification.

Respectfully submitted and agreed to this 28[6h] day of August, 2008:

        RONALD J. TENPAS
        Assistant Attorney General
        Environment and Natural Resources Division

By: /s/ Martin F. McDermott
MARTIN F. McDERMOTT, Attorney
Environment and Natural Resources Division
Environmental Defense Section
U.S. Department of Justice
P.O. Box 23986
Washington, D.C. 20026-3986
Phone: (202) 514-4122
Fax: (202) 514-8865
*Attorney for Defendant*

*Of Counsel:*
DAWN M. MESSIER
Office of General Counsel
U.S. EPA
Ariel Rios Building, 2355A
1200 Pennsylvania Avenue, N.W.
Washington, D.C. 20460

*STIPULATED AND AGREED TO BY:*

/s/ DAS  by McDermott
DEBORAH A. SIVAS
Environmental Law Clinic
Mills Legal Clinic at Stanford Law School
Crown Quadrangle
559 Nathan Abbott Way
Stanford, CA 94305-8610
*Attorney for Plaintiffs*

/s/ TLH  by McDermott
TIMOTHY L. HOFFMAN
New York State Attorney General's Office
350 Main Street, Suite 300A
Buffalo, NY 14202
*Attorney for the State of New York and on behalf of the Intervenor-States*

/s/ MR  by McDermott
MARK RUGE
K & L Gates LLP
1601 K Street, N.W.
Washington, D.C. 20006-1600
*Attorney for the Shipping Industry Ballast Water Coalition*

# [PROPOSED] ORDER

Upon consideration of the parties' joint Stipulation requesting modification of this Court's *Order Granting Plaintiffs' Motion for Permanent Injunctive* Relief and related *Judgment*, filed in this action on September 18, 2006, it is hereby ORDERED that the exemption for discharges incidental to the normal operation of a vessel, contained in 40 C.F.R. § 122.3(a), is vacated as of December 19, 2008, rather than September 30, 2008. In all other respects, the Court's previous orders shall remain unchanged and in effect.

DATED: 8/31/08

*[signature]*
Hon. Susan Illston, United States District Judge

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of August 2008, the foregoing JOINT STIPULATION TO MODIFY THE COURT'S SEPTEMBER 18, 2006 ORDER GRANTING PLAINTIFFS' MOTION FOR PERMANENT INJUNCTIVE RELIEF AND THE RELATED JUDGMENT, and PROPOSED ORDER have been served electronically through the Court's ECF system on counsel of record.

/s/ Martin F. McDermott
Martin F. McDermott