Deborah A. Sivas (CSB No. 135446)
STANFORD LAW SCHOOL ENVIRONMENTAL LAW CLINIC
559 Nathan Abbott Way
Stanford, California 94305-8610
Telephone: (650) 723-0325
Facsimile: (650)723-4426
dsivas@stanford.edu

Melissa Powers (OSB 02118)
10015 S.W. Terwilliger Boulevard
Portland, Oregon 97219-7799
Telephone: (503) 768-6727
Facsimile: (503) 768-6671
powers@lclark.edu

Attorneys for Plaintiffs

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| NORTHWEST ENVIRONMENTAL ADVOCATES; THE OCEAN CONSERVANCY; and SAN FRANCISCO BAYKEEPER<br><br>Plaintiffs,<br><br>THE STATES OF NEW YORK, ILLINOIS, MICHIGAN, MINNESOTA, WISCONSIN, and THE COMMONWEALTH OF PENNSYLVANIA,<br><br>Plaintiff-Intervenors,<br><br>v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,<br><br>Defendant.<br><br>SHIPPING INDUSTRY BALLAST WATER COALITION,<br><br>Defendant-Intervenor. | Case No. CV 03-05760 SI<br><br>**NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT**<br><br>**Date:    February 13, 2009**<br>**Time:    9:00 a.m.**<br>**Courtroom: 10, 19th Floor** |

**NOTICE OF MOTION AND MOTION**

TO DEFENDANT AND ITS ATTORNEY OF RECORD:

Please take notice that on February 13, 2009, in Courtroom 10, 19th Floor, at 9:00 a.m., or as soon thereafter as the Court may hear this matter, Plaintiffs Northwest Environmental Advocates, San Francisco Baykeeper, and Ocean Conservancy move this Court for an award of attorneys' fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d). This motion is based upon this memorandum of points and authorities, the declarations of Deborah A. Sivas, Melissa Powers, Richard T. Drury, Peter M.K. Frost, James Wheaton, Nina Bell, Deb Self, and Janis Searles Jones, the accompanying exhibits, and other papers previously filed in this case and all such other supporting material that may be filed in this matter hereafter.

**INTRODUCTION**

Northwest Environmental Advocates, San Francisco Baykeeper, and Ocean Conservancy ("Plaintiffs") seek an award under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), in the amount of $322,034.75 in attorneys' fees and $9474.81 in costs for their successful prosecution of this case. Plaintiffs are entitled to the fees they seek in this motion because: (1) Plaintiffs prevailed on their claim that Defendant Environmental Protection Agency ("EPA") acted in a manner contrary to law when it denied a petition to repeal its ultra vires regulation exempting vessel discharges from the Clean Water Act's permit program, and Plaintiffs prevailed in their efforts to secure a deadline by which the vessel discharge exemption will become invalid; (2) Plaintiffs are eligible for an award of fees under EAJA; (3) the government's position was not substantially justified and an award is just; (4) the rates at which Plaintiffs seek a fee award are reasonable and warranted under the standards governing enhanced rates; and (5) the hours for which compensation is sought were necessary to the successful prosecution of this case. Each of these points is addressed below.[1]

---

[1] This application is timely filed. EAJA requires that a fee request be filed within 30 days of final judgment. 28 U.S.C. § 2412(d)(1)(B). A "final judgment" for purposes of EAJA "means a judgment that is final and not appealable." Id. § 2412(d)(2)(G). A judgment of this Court does

In support of this application, Plaintiffs submit the Declaration of Deborah A. Sivas, a Professor of Law at Stanford Law School and Director of the Stanford Environmental Law Clinic and one of the lead counsel, which details the work for which Plaintiffs seek compensation and describes counsel's distinct expertise and past experience warranting a fee enhancement ("Sivas Decl."), as well as the work performed by attorneys and students in the Stanford Environmental Law Clinic.  Plaintiffs also submit the Declaration of Melissa Powers ("Powers Decl."), currently an Assistant Professor of Law at Lewis and Clark Law School, previously a Clinical Professor at the Pacific Environmental Advocacy Center ("PEAC), and the other lead counsel, which details the work performed by Ms. Powers and the students at PEAC and describes counsel's distinct expertise and past experience warranting a fee enhancement.  Plaintiffs also submit the Declaration of Richard T. Drury, a partner in a local public interest law firm, establishing the reasonableness of the Stanford Environmental Law Clinic's and PEAC's fee requests based on the specialized expertise of its attorneys and the unavailability of such expertise in the relevant market at the statutory EAJA rates ("Drury Decl.").  Plaintiffs further submit the Declaration of Peter M.K. Frost ("Frost Decl.") and Declaration of James Wheaton ("Wheaton Decl."), which provide additional support regarding the reasonableness of Plaintiffs' fees.  Plaintiffs also submit the Declarations of Nina Bell ("Bell Decl."), Deb Self ("Self Decl."), and Janis Searles Jones ("Jones Decl.") demonstrating that each Appellant is eligible for an EAJA fee award and that the Plaintiffs could not obtain qualified counsel to take on legal representation in this matter.

///

///

///

---

not become "not appealable" under EAJA until expiration of the 90-day period for filing a petition for writ of certiorari with the Supreme Court. Al-Harbi v. I.N.S., 284 F.3d 1080, 1082-83 (9th Cir. 2002).  Thus, an EAJA application must be filed within 120 days of entry of final judgment by this Court. Final judgment on this appeal was entered on July 23, 2008.

Notice of Motion and Memorandum of Points and Authorities in Support of Plaintiffs' Motion for Attorneys' Fees and Costs Pursuant to the Equal Access to Justice Act – Case No. CV 03-05760 SI

-2-

# BACKGROUND[2]

This litigation concerns a regulation established by EPA for discharges of pollutants incidental to the normal operation of vessels, which exempted such discharges from the Clean Water Act's otherwise mandatory permitting requirements. In 1999, Plaintiffs petitioned EPA to rescind the regulation, on the basis that it was facially contrary to the Clean Water Act and thus <u>ultra vires</u>, and because unpermitted discharges from vessels, and particularly ballast water discharges, were causing great ecological harm. In 2003, after litigation regarding EPA's failure to act on the petition, EPA finally responded to the petition, but refused to rescind the regulation. Plaintiffs therefore challenged EPA's denial and challenged the unlawful vessel discharge exemption. In particular, Plaintiffs filed a challenge in district court under the Administrative Procedure Act ("APA").[3]

From May 2004 until September 2006, Plaintiffs and EPA (later joined by intervenors) litigated the merits and remedy in this case. In response to Plaintiffs' suit, EPA disputed not only the merits of Plaintiffs' claims, but also the jurisdiction of this Court to hear the case. Thus, both issues were addressed in lengthy motions and cross-motions for summary judgment, followed by oral argument. On March 30, 2005, this Court issued a detailed order granting summary

---

[2] Except where otherwise indicated, the facts relied on in this background section of the brief are supported by the Ninth Circuit's opinion in this case, reported at 537 F.3d 1006 (9th Cir. 2008). A more complete history of the underlying events is provided at page 12 of Plaintiffs' Opening Summary Judgment brief, filed July 9, 2004.

[3] During the earlier litigation related to EPA's failure to respond to the petition to rescind, EPA had argued that this Court had original jurisdiction over Plaintiffs' claims under Clean Water Act Section 509, 33 U.S.C. § 1369, which provides direct Court of Appeals review over certain types of Clean Water Act claims. Plaintiffs disagreed with EPA's arguments regarding the scope of Section 509. However, in an abundance of caution, Plaintiffs filed a separate Petition for Review in the Court of Appeals in January 2004. After direction from the Court of Appeals, that Petition was dismissed without prejudice to refiling. After this Court entered final judgment, EPA filed an appeal with the Ninth Circuit and Plaintiffs reactivated their earlier Petition for Review. The matters were consolidated for briefing and hearing, and Plaintiffs were successful on both their jurisdiction and merits arguments. Plaintiffs have submitted a separate fee petition for the work performed in the Ninth Circuit as part of both the Petition for Review and EPA's direct appeal.

Notice of Motion and Memorandum of Points and Authorities in Support of Plaintiffs' Motion for Attorneys' Fees and Costs Pursuant to the Equal Access to Justice Act – Case No. CV 03-05760 SI

-3-

judgment in Plaintiffs' favor and denying EPA's cross-motion for summary judgment. Because the parties were not able to agree on an appropriate remedy, another round of briefing on remedy took place over the course of the next several months, and the Court held a hearing on the remedy issue. On September 18, 2006, the Court granted Plaintiffs' Motion for Permanent Injunction and remanded the matter back to EPA for further proceedings. The Court further ordered that the blanket exemption contained in 40 C.F.R. § 122.3(a) shall be vacated on September 20, 2008.

EPA appealed the Court's March 20, 2005 and September 18, 2006 orders. On July 23, 2008, the Ninth Circuit Court of Appeals affirmed this Court's orders in all respects. As the prevailing parties, having received all the relief they requested, Plaintiffs now seek their attorneys fees in this Court. Northwest Environmental Advocates v. U.S. EPA, 537 F.3d 1006 (9th Cir. 2007).

## ARGUMENT

### I.  Plaintiffs Are Entitled to a Fee Award.

Plaintiffs are entitled to a fee award under section 2412(d)(1)(A) of EAJA because: (1) they prevailed, (2) the government's position was not substantially justified, (3) an award is just, and (4) they are eligible. Commissioner, INS v. Jean, 496 U.S. 154, 158 (1990); Carbonell v. I.N.S., 429 F.3d 894 (9th Cir. 2005).

### A.  Plaintiffs Are Prevailing Parties.

In the present case, Plaintiffs prevailed on their claims against the EPA regarding the illegality of the vessel discharge exemption. This Court concluded the vessel discharge exemption was contrary to the Clean Water Act's plain requirements, and it rejected EPA's arguments that Congress had somehow acquiesced to EPA's unlawful exemption. The Court also rejected EPA's arguments that Clean Water Act Section 509 provided the Ninth Circuit exclusive jurisdiction over Plaintiffs' challenge and EPA's arguments that Plaintiffs were time-barred from bringing an as-applied challenge to the vessel discharge exemption. Finally, this Court issued, over EPA's objection, a remedial order which sets a date certain deadline by which

Notice of Motion and Memorandum of Points and Authorities in Support of Plaintiffs' Motion for Attorneys' Fees and Costs Pursuant to the Equal Access to Justice Act – Case No. CV 03-05760 SI

-4-

the vessel discharge exemption becomes invalid.[4] This ruling achieved everything sought by Plaintiffs – a declaration that the regulation was unlawful and a deadline by which the vessel discharge exemption becomes invalid.

There can be no doubt that the Plaintiffs are prevailing parties; indeed they achieved essentially complete relief. Hensley v. Eckerhart, 461 U.S. 424, 431 (1983) (prevailing parties achieve "essentially complete relief"). Further, the relief Plaintiffs obtained here – affirmation of the district court's permanent injunction – indisputably constitutes the required "enforceable judgment[ ] on the merits." Buckhannon Bd. & Care Home, Inc. v. West Virginia Dep't of Health & Human Res., 532 U.S. 598 (2001); Perez-Arellano v. Smith, 279 F.3d 791, 794-95 (9th Cir. 2002) (applying Buckhannon to EAJA).

"Where a plaintiff has obtained excellent results, [its] attorney should recover a fully compensatory fee." Hensley, 461 U.S. at 435. As this Court has explained, "[a] prevailing party is one who succeeds on any significant issue even though other issues are unreached, remanded, or prove unsuccessful." National Wildlife Fed'n v. FERC, 870 F.2d 542, 544 (9th Cir. 1989). Here, Plaintiffs sought the invalidation of the vessel discharge exemption, and that is indeed exactly what they achieved by this litigation.

      **B.    EPA's Positions Were Not Substantially Justified.**

EPA took many positions, both in the decisions regarding the petition to rescind the regulation and in arguing this case, none of which were substantially justified.[5] "Substantially

---

[4] Following the Ninth Circuit's decision, EPA sought additional time to finalize its general permit for vessel discharges before the district court's order would take effect. Pursuant to a stipulated motion to extend the deadline, the vessel discharge exemption will become invalid in December 2008.

[5] EPA bears the burden of establishing that its position was substantially justified. Oregon Natural Resources Council v. Marsh, 52 F.3d 1485, 1492 (9th Cir. 1995). It must make a "strong showing" to meet that burden. Natural Resources Defense Council v. EPA, 703 F.2d 700, 712 (3d Cir. 1983). "To meet this burden, the Secretary must prove that her position had a reasonable basis in both law and fact." Yang v. Shalala, 22 F.3d 213, 217 (9th Cir. 1994). See also Ratnam v. INS, 177 F.3d 742, 743 (9th Cir. 1999); Williams v. Bowen, 966 F.2d 1259, 1261 (9th Cir. 1991).

Notice of Motion and Memorandum of Points and Authorities in Support of Plaintiffs' Motion for Attorneys' Fees and Costs Pursuant to the Equal Access to Justice Act – Case No. CV 03-05760 SI

-5-

justified" means "'justified in substance or in the main'- that is, justified to a degree that could satisfy a reasonable person." Pierce v. Underwood, 487 U.S. 552, 565 (1988) (collecting cases). "To be 'substantially justified' means, of course, more than merely undeserving of sanctions for frivolousness; that is assuredly not the standard for Government litigation of which a reasonable person would approve . . . a position can be justified even though it is not correct, and we believe it can be substantially (i.e., for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." Id. at 566 n. 2.

Here, none of EPA's positions had any reasonable basis in law or fact. In the first instance, EPA ignored the plain language of the Clean Water Act when it refused to rescind the vessel discharge exemption. See 537 F.3d 1006, 1021-22. The unjustified prelitigation position alone is sufficient for an award. 28 U.S.C. § 2412(d)(2)(D) ("'position of the United States' means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based"); Andrew v. Bowen, 837 F.2d 875, 880 (9th Cir. 1988) (after concluding that government's underlying position was not substantially justified, court declined to examine reasonableness of Secretary's litigation position prior to awarding EAJA fees). See also Wilderness Soc'y v. Babbitt, 5 F.3d. 383, 388 (9th Cir. 1993); Cervantez v. Sullivan, 739 F. Supp. 517, 521 (E.D. Cal. 1990) (emphases added) (a finding that "either the government's underlying conduct or its litigation position was not substantially justified is sufficient to support an award of EAJA fees"); I.N.S. v. Jean, 496 U.S. 154, 158 n.7 (1990) (Congress intended to provide for fees when unjustifiable agency action forces litigation, even when it tries to avoid liability by reasonable behavior during litigation); Thangaraja v. Gonzales, 428 F.3d 870 (9th Cir. 2005).

EPA's litigation positions were similarly lacking in any reasonable basis in fact or law, and thus also support an EAJA award. As at threshold matter, EPA wrongly argued that this Court lacked jurisdiction over the challenge to EPA's petition denial. EPA's arguments, and its opposition to Plaintiffs' motions to stay the litigation in Ninth Circuit pending resolution of the district court challenge, required Plaintiffs' counsel to file various motions simply to initially

Notice of Motion and Memorandum of Points and Authorities in Support of Plaintiffs' Motion for
Attorneys' Fees and Costs Pursuant to the Equal Access to Justice Act – Case No. CV 03-05760 SI

-6-

stay, and later reinitiate, the Ninth Circuit litigation. This Court and the Ninth Circuit ultimately agreed that EPA's attempts to shoehorn this challenge into the limited review provisions under Section 509 were unavailing. 537 F.3d at 1015-18. EPA also attempted to deny Plaintiffs review by arguing that the petition to rescind the regulation, and EPA's response to that petition, did not reopen the vessel discharge exemption to review. This Court again rejected EPA's arguments and found Plaintiffs' claims timely, citing well-established case law in the Ninth Circuit and the D.C. Circuit for support. Id. at 1018-20. The Ninth Circuit affirmed this Court's conclusions. On the merits, EPA wrongly argued that Congress had acquiesced to EPA's unlawful regulation. Yet, EPA's arguments of acquiescence conflicted with longstanding Supreme Court precedent making it clear that there must exist overwhelming evidence of congressional acquiescence on the particular issue before the Court. Finally, regarding the remedy, EPA proffered the unjustified argument that, even if this Court found the vessel discharge exemption facially contrary to the Clean Water Act, EPA should nonetheless be given the opportunity on remand to reconsider, and perhaps retain, the ultra vires regulation. As with the remedy, the Court found EPA's arguments unjustified and without merit. Id. at 1026. The Ninth Circuit affirmed this Court in all respects.

Many of EPA's arguments conflicted squarely with binding legal precedent. For example, the D.C. Circuit had long ago rejected the idea that EPA could create categorical exclusions - like the vessel discharge exemption at issue here - under the Clean Water Act. See NRDC v. Costle, 568 F.2d 1369 (D.C. Cir. 1977). Similarly, the Supreme Court had repeatedly make clear that litigation must produce overwhelming evidence of congressional acquiescence, and that the overwhelming silence upon which EPA relied would not merit a finding of acquiescence. See Solid Waste Agency of N. Cook Cty. v. Army Corps of Eng'rs, 531 U.S. 159, 170 n. 5 (2001). Such an abundance of adverse legal precedent demonstrates that EPA's positions were not substantially justified. Wilderness Soc'y., 5 F.3d at 388. Accord, Animal Lovers v. Carlucci, 867 F.2d 1224, 1226 (9th Cir. 1989) (finding that the presence of adverse legal precedent

Notice of Motion and Memorandum of Points and Authorities in Support of Plaintiffs' Motion for Attorneys' Fees and Costs Pursuant to the Equal Access to Justice Act – Case No. CV 03-05760 SI

-7-

demonstrates that the agency's position was not substantially justified).  In sum, the circumstances here strongly support a fee award.

### C. An Award is Just.

EPA also bears the burden of attempting to establish special circumstances that might make an award unjust.  <u>Love v. Reilly</u>, 924 F.2d 1492, 1495 (9th Cir. 1991).  EPA cannot meet that burden here.  For example, the litigation did not include a "close or novel question."  <u>United States v. Gavilan Joint Cmty. Coll. Dist.</u>, 849 F.2d 1246, 1249 (9th Cir. 1988); <u>Bullfrog Films, Inc. v. Wick</u>, 959 F.2d 782, 785 (9th Cir. 1992) (where the area of law was not "uncharted" an award of attorney's fees would not be unjust).  Here, the legal issues were decided based on well-established law in a decision ultimately affirmed by a unanimous Ninth Circuit opinion.  An award is therefore proper.

### D. The Plaintiffs Are Eligible For A Fee Award.

Each Plaintiff satisfies the EAJA fee award eligibility requirements.  <u>See</u> 28 U.S.C. § 2412(d)(2)(B)(ii).  Northwest Environmental Advocates, San Francisco Baykeeper, and Ocean Conservancy are all 501(c)(3) non-profit organizations, and each has a net worth of less than $7,000,000 and fewer than 500 employees.  Bell Decl. at ¶ 3; Self Decl. at ¶ 3;  Jones Decl. at ¶ 3.  Thus, Plaintiffs are each eligible for a fee award.  "Once a party's eligibility has been proven, an award of fees under EAJA is <u>mandatory</u> unless the government's position is substantially justified or special circumstances exist that make an award unjust."  <u>Love</u>, 924 F.2d at 1495 (citing 28 U.S.C. § 2412(d)) (emphasis added).

## II. The Hours for Which an Award Is Sought Are Reasonable.

Plaintiffs seek a fee recovery for 1001.75 hours spent by their attorneys on this case.[6] This total reflects the time reasonably spent meeting with Plaintiffs, researching and briefing relevant issues, reviewing the administrative record, coordinating with defense counsel, and preparing for and appearing in court.  This total also includes part of the time spent on this fee

---

[6] This petition does not include a request for any fees incurred in connection with the district court litigation.

Notice of Motion and Memorandum of Points and Authorities in Support of Plaintiffs' Motion for Attorneys' Fees and Costs Pursuant to the Equal Access to Justice Act – Case No. CV 03-05760 SI

application. I.N.S. v. Jean, 496 U.S. 154, 165-66 (1990) (Where an award is proper, that award should include time spent on a fee petition). Plaintiffs will supplement the relevant portions of this fee application to seek compensation for additional time spent on the fee litigation as it proceeds.

The hours reflected in this petition are reasonable. Many of the legal tasks performed by Plaintiffs' counsel were completed by students in the Stanford Environmental Law Clinic or PEAC (the environmental law clinic for Lewis & Clark Law School) under the supervision of licensed attorneys, including factual and legal research, drafting of briefs, and presentation of oral argument. Sivas Decl. ¶ 13; Powers Decl. ¶ 14. Had this work not been performed by students, it would have been completed by much more expensive Clinic attorneys. Sivas Decl. ¶ 8; Powers Decl. ¶ 14. For this student time, Plaintiffs seek fees that are substantially below market rates for similarly situated paralegals, summer law clerks, and junior law firm associates performing the same functions. Sivas Decl. ¶ 8. Moreover, as required by the courts, Hensley v. Eckerhart, 461 U.S. 424, 435 (1983) (attorney must review time sheets and eliminate hours that are "excessive, redundant, or otherwise unnecessary"), Stanford Clinic Director and Professor Deborah Sivas and PEAC Clinical Professor Melissa Powers both reviewed the contemporaneous time records for this appeal and reduced the time for which reimbursement is being sought where, in their experience and judgment, such time was duplicative or unnecessary to successful prosecution of the case. Sivas Decl. ¶ 9; Powers Decl. ¶ 15. In particular, to ensure that Plaintiffs are not seeking fees for educational time, Ms. Sivas and Ms. Powers both exercised considerable billing judgment, reducing student by a significant amount. Id.

### III. Plaintiffs Are Entitled to an Enhancement of the Fee Award.

Plaintiffs are entitled to their full market rate fees of $250-380 for Ms. Powers and $530-620 for Ms. Sivas for litigation of this matter. The Stanford Environmental Law Clinic and PEAC, and Ms. Sivas and Ms. Powers in particular, have distinctive knowledge regarding environmental law and specialized skill in public interest environmental litigation. Sivas Decl. ¶¶ 2-4; Powers Decl. ¶¶ 2-8. Their knowledge and skill, instrumental to Plaintiffs' success in

Notice of Motion and Memorandum of Points and Authorities in Support of Plaintiffs' Motion for Attorneys' Fees and Costs Pursuant to the Equal Access to Justice Act – Case No. CV 03-05760 SI

-9-

this case, was not available to Plaintiffs in San Francisco at the capped EAJA rates.[7] Bell Decl. ¶¶ 4, 9; Self Decl at ¶¶ 4, 9; Jones Decl. ¶¶ 4, 9.  The Supreme Court has held that in such situations, reimbursement above the EAJA rate is allowed where an attorney is "'qualified for the proceedings' in some specialized sense." Pierce v. Underwood, 487 U.S. 552, 572 (1988). The Ninth Circuit has identified three factors to be considered in awarding a fee enhancement. First, the attorney must possess some distinctive knowledge and skills developed through a practice specialty. Second, those distinctive skills must be needed in the litigation. Third, those skills must not be available elsewhere at the statutory rate. Love v. Reilly, 924 F.2d 1492, 1496 (9th Cir. 1991); Pirus v. Bowen, 869 F.2d 536, 541-42 (9th Cir. 1989). Each of these factors calls for a fee enhancement here.

First, this Court has held that "[e]nvironmental litigation is an identifiable practice specialty that requires distinctive knowledge." Love v. Reilly, 924 F.2d at 1496; Animal Lovers Volunteer Ass'n v. Carlucci, 867 F.2d 1224, 1226 (9th Cir. 1989). This case involved complicated environmental litigation. Ms. Sivas is currently a Professor of Law and Director of the Stanford Law School Environmental Law Clinic. The Clinic functions as a public interest law firm, representing only non-profit organizations and engaging entirely in public interest environmental representations. During the pendency of this case, Ms. Powers was a Clinical Professor at PEAC, which functions in essentially the same way. Indeed, at the time this litigation was brought, the Stanford Environmental Law Clinic was affiliated with Earthjustice, which many courts have held has distinctive specialization in the field of federal environmental litigation sufficient to warrant EAJA fee enhancements. See, e.g., Portland Audubon Soc'y v. Lujan, 865 F. Supp 1464, 1476 (D. Or. 1994); Seattle Audubon Soc'y v. Evans, 771 F. Supp.

---

[7] Although section 2412(d) of EAJA establishes an hourly rate of $125 per hour, that rate is adjusted upward to account for increases in the cost of living from the date that the $125 per hour rate was established (March 1996). 28 U.S.C. § 2412(d)(2)(A); Sorenson v. Mink, 239 F.3d 1140, 1149 (9th Cir. 2001) (calculate lodestar for each year). The Ninth Circuit has explained that to calculate the increased rate, one divides the Bureau of Labor Statistics Consumer Price Index ("CPI") data from the billing period by the CPI at the time the EAJA cap was set, and then multiplies by the statutory cap. Ramon- Sepulveda v. Immigration and Naturalization Service, 863 F.2d 1458, 1463 n.4 (9th Cir. 1988).

Notice of Motion and Memorandum of Points and Authorities in Support of Plaintiffs' Motion for Attorneys' Fees and Costs Pursuant to the Equal Access to Justice Act – Case No. CV 03-05760 SI

-10-

1081 (W.D. Wash. 1991); <u>Northern Spotted Owl v. Lujan</u>, 758 F. Supp. 621 (W.D. Wash. 1991); <u>Washington Dep't of Wildlife v. Stubblefield</u>, 739 F. Supp. 1428, 1433 (W.D. Wash. 1989); <u>Californians for Alternatives to Toxics v. Troyer</u>, 2006 WL 2346324 *5 (E.D. Cal. 2006); <u>Golden State Audubon Society v. United States Army Corps of Engineers</u>, 738 F. Supp. 339, 344 (N.D. Cal. 1988).

Second, the distinctive knowledge possessed by Ms. Sivas and Ms. Powers was essential to this litigation. This case called for intimate familiarity with operation of the Clean Water Act and the science of invasive species. It would have taken attorneys without specialized knowledge and expertise in this area countless hours simply to master this complex area of law and familiarize themselves with complicated issues raised by EPA throughout the litigation. This case clearly called for distinctive knowledge and specialized skills in the area of federal environmental litigation above and beyond what is ordinarily available at the EAJA market rates.

Third, Plaintiffs seek enhanced rates because of the lack of qualified attorneys for this type of proceeding at EAJA rates. Most attorneys who specialize in federal environmental litigation represent commercial clients and are unable or unwilling to represent environmental groups due to actual conflicts of interest, issue conflicts, or the controversial or unpopular nature of the litigation. For this reason, qualified attorneys are often unavailable to represent public interest environmental litigants at EAJA rates.

Finally, Plaintiffs needed to obtain *pro bono* counsel to litigate this case, as they had insufficient funds to pay for the professional services of an attorney. <u>See</u> Bell Decl. ¶¶ 4, 9; Self Decl. ¶¶ 4, 9; Jones Decl. ¶¶ 4,9. Because this case called for distinctive knowledge and expertise in federal environmental law, which is not easily obtainable, let alone at EAJA rates, and because Plaintiffs' attorneys possessed that essential expertise, Plaintiffs should be awarded attorneys' fees at enhanced rates that reflect the market for the required specialty.

Accordingly, an award of prevailing market rates in San Francisco is appropriate. Plaintiffs have submitted substantial evidence and documentation to support the market rates they are seeking. In particular, as the declarations of Mr. Drury, Mr. Wheaton, and Mr. Frost

Notice of Motion and Memorandum of Points and Authorities in Support of Plaintiffs' Motion for
Attorneys' Fees and Costs Pursuant to the Equal Access to Justice Act – Case No. CV 03-05760 SI

-11-

attest, median market rates for San Francisco Bay Area law firms are currently $650 for partners and $380 for associates. Declarants' conclusions with respect to market rates are based on both National Law Journal annual surveys of attorney rates for the San Francisco Bay Area and on their experience in obtaining fees in similar cases. Drury Decl. ¶¶ 6-8, 13; Wheaton Decl. ¶¶ 9-10, 14-16; Frost Decl. ¶¶ 10-12. A chart showing requested hourly rates and total fees for each year for each attorney is attached as Exhibit A hereto.

Similarly, market rates for summer associates and paralegals in the San Francisco Bay Area are significantly greater than the student rates of $90, $100, and $125 requested in this application. Sivas Decl. ¶ 8. Clinic students performed significant work in this matter, work that would otherwise have been performed by more expensive licensed attorneys, and the supervising attorneys exercised considerable billing judgment in eliminating duplicative or excessive hours. Accordingly, Plaintiffs are entitled to a full market rate award for their time. Sivas Decl. ¶¶ 8,13; Powers Decl. ¶¶ 11, 17, 21.

## CONCLUSION

Accordingly, Plaintiffs respectfully request that the Court award $322,034.75 in attorneys fees and $9474.81 in costs.

Date:  Nov. 20, 2008            Respectfully submitted,

STANFORD ENVIRONMENTAL LAW CLINIC


By: /s/ Deborah Sivas
Deborah Sivas

Notice of Motion and Memorandum of Points and Authorities in Support of Plaintiffs' Motion for Attorneys' Fees and Costs Pursuant to the Equal Access to Justice Act – Case No. CV 03-05760 SI

-12-

# Exhibit A

**Exhibit A**

**Total Fee Chart**

| Name | Year Work Performed | Hourly Rate | Hours | Fees |
|---|---|---|---|---|
| Melissa Powers | 2003 | $250 | 4.1 | $1,025.00 |
| Melissa Powers | 2004 | $300 | 134.4 | $40,320.00 |
| Melissa Powers | 2005 | $325 | 168.9 | $54,892.50 |
| Melissa Powers | 2006 | $350 | 15 | $5,250.00 |
| Melissa Powers | 2007 | $380 | 0 | $0.00 |
| Melissa Powers | 2008 | $380 | 14.9 | $5,662.00 |
| Mark Barzda | 2004 | $90 | 30 | $2,700.00 |
| Allison LaPlante | 2005 | $220 | 4.2 | $924.00 |
| Deborah Sivas | 2003 | $530 | 19.75 | $10,467.50 |
| Deborah Sivas | 2004 | $560 | 126.5 | $70,840.00 |
| Deborah Sivas | 2005 | $590 | 157.75 | $93,072.50 |
| Deborah Sivas | 2006 | $620 | 2.75 | $1,705.00 |
| Stacia Neeley | 2003 | $90 | 16.5 | $1,495.00 |
| Holly Gordon | 2005 | $325 | 25.75 | $8,368.75 |
| Bethany Davis | 2004 | $90 | 124.0 | $11,160.00 |
| Peter Morgan | 2004 | $90 | 123.0 | $11,070.00 |
| Doug Obegi | 2004 | $90 | 34.25 | $3,082.50 |
|  |  |  | 1001.75 | $322,034.75 |

Exhibit A to Memorandum of Points and Authorities in Support of Plaintiffs' Motion for Attorneys' Fees and Costs Pursuant to the Equal Access to Justice Act – Case No. CV 03-05760 SI                -2-