MARTIN F. McDERMOTT (SBN 6183307 (IL))
United States Department of Justice
Environment & Natural Resources Division
Environmental Defense Section
P.O. Box 23986
Washington, D.C. 20026-3986
Telephone: (202) 514-4122
Facsimile: (202) 514-8864
*Attorney for Defendant*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NORTHWEST ENVIRONMENTAL ADVOCATES, et al., | No. C 03 - 05760 SI |
| Plaintiffs, | **MOTION TO FURTHER MODIFY THE COURT'S SEPTEMBER 18, 2006 ORDER GRANTING PLAINTIFFS' MOTION FOR PERMANENT INJUNCTIVE RELIEF AND RELATED JUDGMENT; PROPOSED ORDER** |
| v. | |
| UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, | |
| Defendant. | *NO HEARING REQUESTED - EXPEDITED CONSIDERATION REQUESTED* |

This Motion is filed jointly by Defendant United States Environmental Protection Agency ("EPA") and Defendant-Intervenor Shipping Industry Ballast Water Coalition. Pursuant to Federal Rule of Civil Procedure 60(b) and Local Rule 7-12, the movants hereby request entry of an order further modifying one aspect of the Court's *Order Granting Plaintiffs' Motion for Permanent Injunctive Relief* and the related *Judgment*, filed in this action on September 18, 2006, as amended by previous order of this court on August 31, 2008 (Dkt. 126). If entered by the Court, the proposed order would postpone vacatur of 40 C.F.R. § 122.3(a) from December 19, 2008 to February 6, 2009 – which is only 48 days after issuance of the permit covering the discharges that are subject to the vacatur. In light of the impending vacatur, the movants request expedited consideration of this Motion.

Plaintiffs Northwest Environmental Advocates, et al. ("Plaintiffs") have been apprised of this motion and **advise that they do not oppose it.** Plaintiff-Intervenor States of New York, Illinois, Michigan, Minnesota, Wisconsin, and Pennsylvania (the "States") have been apprised of this motion but have not yet taken a position on it.

In support of this Motion, the movants state the following.

**DISCUSSION**

On September 18, 2006, this Court granted Plaintiffs' request for a permanent injunction, remanding this matter to EPA for further proceedings consistent with the Court's orders, and holding that "the blanket exemption for discharges incidental to the normal operation of a vessel, contained in 40 C.F.R. § 122.3(a), shall be vacated as of September 30, 2008." This Court's orders on liability and remedy were upheld by the Ninth Circuit Court of Appeals on July 23, 2008. See Northwest Envtl. Advocates v. EPA, 537 F.3d 1006 (9th Cir. 2008). The Court of Appeals noted that the Department of Justice had informed it by letter dated July 11, 2008, that on June 17, 2008, EPA had published in the Federal Register certain draft "General Permits for Discharges Incidental to the Normal Operation of a Vessel," 73 Fed. Reg. 34,296 (June 17, 2008), and that the public comment period on the draft permits was scheduled to close on August 1, 2008. See 537 F.3d at 1027. The Court of Appeals further stated: "The letter warns that a final version may not be ready by the September 30, 2008, deadline established by the district court, but the letter stops short of a request to extend the deadline. If the government chooses to request an extension of the deadline, that request should be addressed to the district court." Id.

Through a previous Joint Stipulation, the parties sought and obtained from this Court an extension of the original date of vacatur from September 30, 2008, to December 19, 2008. In compliance with that amended order, on or before December 19, 2008, EPA expects to finalize a

- 2 -

permit governing such discharges. However, the movants request a second extension is in order to give the regulated community the ability to prepare for the requirements of the final permit, particularly as it relates to conditions imposed by states pursuant to section 401(c) of the CWA. Specifically, the movants request that this Court modify its August 31, 2008 amended order by postponing its vacatur of 40 C.F.R. § 122.3(a) until February 6, 2009, 48 days after the permit covering the discharges is issued.

This Court has ample authority to grant such relief. Its authority to modify the terms of injunctive relief is inherent, A & M Records, Inc. v. Napster, Inc., 284 F.3d 1091, 1098 (9th Cir. 2002), and is derived both from its powers in equity and from Rule 60(b), which governs grounds for relief from a final judgment, order or proceeding. Earth Island Inst. Inc. v. S. California Edison, 166 F. Supp. 2d 1304, 1309 (S.D. Cal. 2001).

Two subsections of Rule 60(b) are relevant here. Subsection (5) of that Rule allows a district court to relieve a party from a final judgment or order when "a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application." Under this rule, a court has "discretionary power to modify an injunction when changing circumstances, or a better appreciation of the facts in light of experience indicate existing injunctive orders are not well adapted to the purpose for which they were made." Central Valley Chrysler-Jeep, Inc. v. Goldstene, No. 04-6663, 2008 WL 2600786 at *2 (E.D. Cal. June 24, 2008). See also U.S. Syntex (U.S.A.) LLC v. Apotex Inc., No. 01-02214, 2005 WL 6042726 at *2 (N.D. Cal. Oct. 26, 2005) (court retains power to modify the terms of its injunction in order to accommodate "changed circumstances"). Subsection (6) of Rule 60(b), which allows a court to modify an order for "any other reason that justifies relief," is also relevant. It serves as a "catch-all provision," conferring the Court with "broad discretion to

- 3 -

relieve a party from final judgment upon such terms as are just." Spacey v. Burgar, 207 F. Supp. 2d 1037, 1048 (E.D. Cal. 2001) (citations and internal quotations omitted).

Since this Court entered its injunction in September 2006 and amended that injunction at the parties' request in August 2008, there have been important developments that militate strongly in favor of extending the date of vacatur of the exclusion. As stated above, on or before December 19, 2008, EPA expects to finalize a permit governing certain discharges previously covered by the exclusion. As part of the permitting process, beginning in July 2008, states were given the opportunity to certify that the draft permit meets certain requirements, pursuant to section 401 of the Clean Water Act. Many of those certifications contain conditions that will be incorporated into the final permit and will be applicable in each state's respective waters. Certain state certifications are still being developed and have not yet been submitted to EPA. Many vessels that will be subject to this final permit operate in multiple state waters and must meet the conditions set forth in multiple state certifications. The conditions in many state certifications, however, will only become publicly available once EPA finalizes and issues the final permit on or before December 19, 2008. When EPA has finalized the permit, the Agency expects to make the final permit, including any conditions submitted by the states under section 401, informally available on its website soon after signature. EPA expects to forward a formal notice of availability of the final permit to the Office of the Federal Register for publication promptly after finalization of the permit. EPA expects publication in the Federal Register will occur approximately 2-3 weeks after the notice is forwarded to the Office of the Federal Register.

Under these circumstances, the movants respectfully request that the Court extend the vacatur date until February 6, 2009, in order to give the regulated community the ability to

prepare for the requirements of the final permit, particularly as it relates to conditions imposed by states pursuant to section 401 of the CWA.

## CONCLUSION

Movants respectfully submit that there is good cause for the proposed modification of the Court's injunction and Judgment for the brief postponement of the vacatur until February 6, 2009. Plaintiffs do not oppose the requested relief. The movants respectfully request entry of the attached proposed order embodying that modification.

Respectfully submitted and agreed to this 18th day of December, 2008:

RONALD J. TENPAS
Assistant Attorney General
Environment and Natural Resources Division

By: /s/ Martin F. McDermott

MARTIN F. McDERMOTT, Attorney
Environment and Natural Resources Division
Environmental Defense Section
U.S. Department of Justice
P.O. Box 23986
Washington, D.C. 20026-3986
Phone: (202) 514-4122
Fax: (202) 514-8865
*Attorney for Defendant*

*Of Counsel:*
DAWN M. MESSIER
Office of General Counsel
U.S. EPA
Ariel Rios Building, 2355A
1200 Pennsylvania Avenue, N.W.
Washington, D.C. 20460

/s/ Brian K/ McCalmon
BRIAN K. MCCALMON
K & L Gates LLP
1601 K Street, N.W.
Washington, D.C. 20006-1600
*Attorney for the Shipping Industry Ballast Water Coalition*

- 5 -

# [PROPOSED] ORDER

Upon consideration of the movants' Motion requesting further modification of this Court's *Order Granting Plaintiffs' Motion for Permanent Injunctive* Relief and related *Judgment*, filed in this action on September 18, 2006, as amended on August 31, 2008, it is hereby ORDERED that the exemption for discharges incidental to the normal operation of a vessel, contained in 40 C.F.R. § 122.3(a), is vacated as of February 6, 2009. In all other respects, the Court's previous orders shall remain unchanged and in effect.

DATED: 12/17/08  _____
Hon. Susan Illston, United States District Judge

**CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of December, 2008, the foregoing MOTION TO FURTHER MODIFY THE COURT'S SEPTEMBER 18, 2006 ORDER GRANTING PLAINTIFFS' MOTION FOR PERMANENT INJUNCTIVE RELIEF AND THE RELATED JUDGMENT, and PROPOSED ORDER have been served electronically through the Court's ECF system on counsel of record.

/s/ Martin F. McDermott
Martin F. McDermott